## Beatty v. Commonwealth

May 2, 1944.

C. A. Noble and J. W. Craft for appellant.

Eldon S. Dummit, Attorney General, and Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Maggie Beatty, a colored woman, was given 21 years in the Reformatory for shooting Arnold ("Too-Tight") Williams, also colored, in the back with a shotgun. She asks that the judgment of conviction be reversed because (1) she was entitled to a peremptory instruction; and (2) the self-defense instruction should have included her right to defend her seven year old daughter, who was present at the time Williams was said to have assaulted her.

The parties lived on a hillside near the railroad yards in Hazard. The Beatty home faced a roadway. Down the hill and across a vacant lot was the home of "Big Clara" Givens, also colored. "Too-Tight" lived in illicit relationship with "Big Clara." There was a toilet across the road in front of the Givens home. Winnie and Wylie Gilbert lived in a house above the Beattys which was up on a bank a short distance back from the roadway. The trouble started over a calf which belonged to Clara Givens and which Arnold had tied to a stake about the middle of the vacant lot. Late in

the afternoon, as Arnold was returning home from work leading a cow, Maggie Beatty asked him to move the calf because it was too close to her house. Some words were exchanged between her and the deceased, and he then went on down and tied the cow to a telephone post near Clara's home. There is sharp conflict in the evidence from this point.

The Commonwealth's version of the shooting is that after Arnold tied the cow he picked up a shovel and started throwing some loose dirt over toward the toilet; Maggie came out on her porch holding a shotgun behind her back and asked him if he was going to move the calf off her property and he replied the property did not belong to her; she then fired at Arnold, who was some 30 steps away; he jumped behind the toilet, picked up some rocks which he threw at the Beatty house as he ran up the hill past it; and as he was climbing the bank toward the Gilbert home Maggie shot him in the back, and he rolled back down the bank to within a few steps of her house.

Maggie's version was that after "Too-Tight" tied his cow he came out in the road toward her home and said something to her about some chickens; accused her of running down his wife, telling her he would knock her brains out with rocks; he grabbed up two rocks and threw them at her, the second one striking her in the head; "Big Clara" said, "You ain't scared of the Beattys, is you? Go on and kill her." Arnold said, "I'll kill you;" he grabbed two bricks and went up the road past her house; she went in the house and got a shotgun; and as Arnold was going to her kitchen door to come into her home she fired the fatal shot. Maggie admitted firing two shots, but said the first one was fired to scare Arnold after he threw the first rocks.

It is apparent from what has been said there is sharp conflict in the two versions of the killing. The Commonwealth's version was that Arnold was climbing a bank in the direction of the Gilbert home when the fatal shot was fired, while Maggie's version was that he was on his way to her back door. Clearly, the case was one for the jury, and it was for it to determine the credibility of the witnesses. Burks v. Commonwealth, 294 Ky. 183, 171 S. W. (2d) 231.

Maggie said her seven year old daughter went out

on the porch with her when Arnold was cursing her and threatened to kill her, and that when he struck her with the rocks she shoved her daughter in the house. There was no threat whatever against the daughter, and Maggie's own testimony showed she killed Arnold because she thought he was coming in the house to kill her—not to molest the child. This evidence did not warrant the inclusion of Maggie's right to defend her daughter in the self-defense instruction, because no question was raised concerning the daughter's safety; nor were any of Arnold's threats said to have been directed toward her.

Since we find no error prejudicial to the appellant's substantial rights, the judgment is affirmed.